# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6009

_____

In re: Kirk Patrick Leitch

*Debtor*

------------------------------

Kirk Patrick Leitch

*Debtor - Appellant*

v.

Julia A. Christians

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 26, 2013
Filed: July 16, 2013

_____

Before FEDERMAN, Chief Judge, SALADINO and NAIL, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge

Debtor, Kirk Patrick Leitch, appeals an order of the bankruptcy court[1] dated March 6, 2013, holding that the funds in his health savings account ("HSA") are not excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(b)(7)(A)(ii) and are not exempt. For the reasons that follow, we affirm.

BACKGROUND

This appeal concerns $3,310.01[2] held in an HSA owned by Mr. Leitch at the time he filed his voluntary Chapter 7 petition on November 24, 2012. Mr. Leitch is employed as a police officer with the City of Mounds View, Minnesota. He and his family are insured through a high-deductible health insurance policy offered through his employer. Mr. Leitch also has an HSA, which he uses to pay his family's medical expenses up to the amount of the deductible under his health insurance policy. Mr. Leitch listed the funds in his HSA on the date of bankruptcy filing as an asset on Schedule B of his bankruptcy petition and asserted that the funds were excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). He subsequently amended Schedule C, which amendment continued to assert that the funds were excluded from the estate, but also provided the alternative assertion that the funds were exempt pursuant to 11 U.S.C. § 522(d)(10)(C) and (11)(E).

The Chapter 7 trustee objected to Mr. Leitch's exclusion arguments and exemption claims. For the first time, in Mr. Leitch's response he argued his primary position on appeal – that the HSA was excluded from the estate pursuant to 11 U.S.C.

---

[1] The Honorable Kathleen Hvass Sanberg, United States Bankruptcy Court for the District of Minnesota.

[2] The HSA actually contained $8,686.13. Mr. Leitch also asserted his maximum available wildcard exemption in the amount of $5,376.12, which was allowed by the bankruptcy court and was not appealed by the trustee. Therefore, at issue in this appeal are the remaining funds in the account, after application of the allowed wildcard exemption.

§ 541(b)(7)(A)(ii). The bankruptcy court held a hearing on March 6, 2013, and issued an oral ruling rejecting Mr. Leitch's arguments. This appeal followed.

STANDARD OF REVIEW

The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997). The bankruptcy court's construction of a statute is a question of law, subject to de novo review. *In re Graven*, 936 F.2d 378, 384-85 (8th Cir. 1991).

DISCUSSION

Health savings accounts were created by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003. Pursuant to that Act, an HSA is "a trust created or organized in the United States as a health savings account exclusively for the purpose of paying the qualified medical expenses of the account beneficiary . . . [.]" 26 U.S.C. § 223(d)(1). An individual can make contributions to an HSA only if that individual is separately covered by a "high deductible health plan." 26 U.S.C. § 223(c)(1)(A). A "high deductible health plan" is a health plan that requires beneficiaries to pay a certain amount of out-of-pocket expenses before the insurance plan begins picking up the tab. *See* 26 U.S.C. § 223(c)(2)(A).

The beneficiary of an HSA has liberal access to the funds – indeed, the beneficiary is entitled to distributions from the account for any purpose. *See* Treasury Notice 2004-50, 2004 WL 1636921 at Q-79. However, the beneficiary will incur tax penalties unless the funds are used for "qualified medical expenses," which are essentially costs of health care "not compensated for by insurance or otherwise." 26 U.S.C. § 223(d)(2)(A).

In this appeal, Mr. Leitch first asserts that his "clearest and most concise argument" is that the funds in his HSA are excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(b)(7)(A)(ii), which provides in pertinent part as follows:

> (b) Property of the estate does not include –
> . . .
> (7) any amount –
> > (A) withheld by an employer from the wages of employees for payment as contributions –
> > . . .
> > > (ii) to a health insurance plan regulated by State law whether or not subject to such title[.]

Mr. Leitch asserts that the HSA is excluded from the estate by 11 U.S.C. § 541(b)(7)(A)(ii) because the HSA is "a health insurance plan regulated by State law." He points to Minnesota statute 47.75 for state regulation, which statute provides in pertinent part:

> (a) A commercial bank, savings bank, savings association, credit union, or industrial loan and thrift company may act as trustee or custodian:
> . . .
> (3) of a health savings account under the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, as amended;
> . . .
> (b) The trustee or custodian may accept the trust funds if the funds are invested only in savings accounts or time deposits . . ., except that health savings accounts may also be invested in transaction accounts. . . .

That statute is found in the Financial Corporations portion of the Minnesota statutes under a section entitled "Limited trusteeship." The bankruptcy court held

-4-

that Mr. Leitch failed to show that the HSA constitutes a health insurance plan regulated by state law in accordance with the exclusion statute. In particular, the bankruptcy court held that the state statute cited by Mr. Leitch, Minn. Stat. § 47.75, simply identified which institutions can act as a trustee of certain types of accounts, including health savings accounts, and identified how the funds could be invested. We agree.

An HSA is simply a trust account. The account beneficiary has unrestricted access to the funds. The account beneficiary may receive certain tax benefits if the beneficiary uses the funds for medical expenses, but that beneficial taxation does not make the account a health insurance plan regulated by state law. An HSA is not insurance. As the trustee aptly pointed out, an HSA is just a tax-preferred place to park money for use in paying health care expenses that are not covered by insurance.

Further, Congress added § 541(b)(7) (which specified certain exclusions from property of the bankruptcy estate) to the Bankruptcy Code as part of the 2005 BAPCPA amendments. Health savings accounts were created in 2003, two years before the BAPCPA amendments became law. Accordingly, we agree with the bankruptcy court's conclusion that had Congress intended for HSAs to be excluded it would have said so. Since Congress did not specifically mention HSAs in its amendments, and since the funds in the HSA can be used by the beneficiary for any purpose,[3] we hold that an HSA is not a health insurance plan regulated by state law and, therefore, the HSA is not excluded from the bankruptcy estate by 11 U.S.C. § 541(b)(7)(A)(ii).

Mr. Leitch further argues that even if the HSA is not excluded from the bankruptcy estate, he should be able to exempt the funds in the account pursuant to 11 U.S.C. § 522(d)(10)(C) or (11)(D). In the bankruptcy case, Mr. Leitch elected to

---

[3]Subject to tax if not used for health care expenses.

use the federal exemptions, rather than the state exemptions, as permitted by 11 U.S.C. § 522(b)(1) and (2).  Subsection (d) of 11 U.S.C. § 522 lists the property that may be exempted, including subsection (d)(10)(C), which allows a debtor to exempt "[t]he debtor's right to receive – . . . a disability, illness, or unemployment benefit[,]" and (d)(11)(D), which allows a debtor to exempt "a payment . . . on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent . . . [.]"

The bankruptcy court denied the exemptions because the funds in the HSA could be used for purposes other than "disability, illness, or unemployment" (and in fact, could be used for anything) and also could be used for purposes other than "personal bodily injury."  We agree.  In addition, the exemptions under 11 U.S.C. § 522(d)(10)(C) and (11)(D) apply only to a debtor's "right to receive" the stated benefits.  Here, Mr. Leitch has *already* received the money from his employer.  The employer has paid the money to the HSA, and Mr. Leitch is the account owner/beneficiary with unrestricted access to the funds.  Thus, there is no longer a "right to receive" the funds that are already in the account.

## CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court.

_____